**POMERANTZ LLP**
Jennifer Pafiti (SBN 282790)
468 North Camden Drive
Beverly Hills, CA 90210
Telephone: (818) 532-6499
E-mail: jpafiti@pomlaw.com

Attorney for Plaintiff
- *additional counsel on signature page* -

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL BRODA, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>SYMANTEC CORPORATION, GREGORY S. CLARK, and NICHOLAS R. NOVIELLO,<br><br>Defendants | Case No.<br><br>**CLASS ACTION COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS**<br><br>JURY TRIAL DEMANDED |

Plaintiff Samuel Broda ("Plaintiff"), individually and on behalf of all other persons similarly situated, by Plaintiff's undersigned attorneys, for Plaintiff's complaint against Defendants (defined below), alleges the following based upon personal knowledge as to Plaintiff and Plaintiff's own acts, and information and belief as to all other matters, based upon, *inter alia*, the investigation conducted by and through Plaintiff's attorneys, which included, among other things, a review of the Defendants' public documents, conference calls and announcements made by Defendants, United States Securities and Exchange Commission ("SEC") filings, wire and press releases published by and regarding Symantec Corporation ("Symantec" or the "Company"), analysts' reports and advisories about the Company, and information readily obtainable on the Internet. Plaintiff believes that substantial

evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

## NATURE OF THE ACTION

1. This is a federal securities class action on behalf of a class consisting of all persons other than Defendants who purchased or otherwise acquired securities of Symantec between May 19, 2017 and May 10, 2018, both dates inclusive (the "Class Period"). Plaintiff seeks to recover compensable damages caused by Defendants' violations of the federal securities laws and to pursue remedies under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder.

2. Symantec Corporation provides security, storage, and systems management solutions to help businesses and consumers secure and manage their information. The Company offers software and services that protect, manage, and control information risks related to security, data protection, storage, compliance, and management.

3. Founded in 1982, Symantec is headquartered in Mountain View, California. The Company's securities trade on the NASDAQ Global Select Market ("NASDAQ") under the ticker symbol "SYMC."

4. Throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operational and compliance policies. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) Symantec's internal controls over financial reporting were materially weak and deficient; (ii) Symantec's later disclosed "reporting of certain Non-GAAP measures including those that could impact executive compensation programs" would lead to heightened regulatory scrutiny by the SEC; and (iii) as a result, Symantec's public statements were materially false and misleading at all relevant times.

5. On May 10, 2018, after the market closed, Symantec filed a Current Report on Form 8-K with the SEC, disclosing that its Audit Committee had commenced an investigation "in connection with concerns raised by a former employee" and that the Company had contacted the Securities and Exchange Commission ("SEC") to advise the SEC of the investigation. The Company further disclosed that it was "unlikely that the investigation will be completed in time for the Company to file its annual report on Form 10-K for the fiscal year ended March 30, 2018 in a timely manner."

6. On that same day, Symantec held an earnings call with investors to discuss Q4 2018 results. During the call, the Company stated the following concerning the internal investigation:

> Lastly, as mentioned in the company's press release, the Audit Committee of the Board of Directors has commenced an internal investigation in connections with concerns raised by a former employee. The Audit Committee has retained independent counsel and other advisors to assist in its investigation. The company has voluntarily contacted the Securities and Exchange Commission to advise that an internal investigation is underway, and the Audit Committee intends to provide additional information to the SEC as the investigation proceeds.
>
> The investigation is in its early stages and the company cannot predict the duration or outcome of the investigation. The company's financial results and guidance may be subject to change based on the outcome of the Audit Committee investigation. It is unlikely that the investigation will be completed in time for the company to file its Annual Report on Form 10-K for the fiscal year ended March 30, 2018, in a timely manner. The investigation does not relate to any security concern or breach with respect to our products or systems. Now because this is an ongoing matter, we will be unable to comment further on this topic during today's call and there will be no question-and-answer session following our prepared remarks.

7. On this news, Symantec's share price fell $9.66, or 33.10%, to close at $19.52 on May 11, 2018.

8. As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

3

## JURISDICTION AND VENUE

9. The claims asserted herein arise under and pursuant to §§10(b) and 20(a) of the Exchange Act (15 U.S.C. §§78j(b) and §78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. §240.10b-5).

10. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §1331 and §27 of the Exchange Act.

11. Venue is proper in this Judicial District pursuant to §27 of the Exchange Act (15 U.S.C. §78aa) and 28 U.S.C. §1391(b) as Symantec's principal executive offices are located within this Judicial District.

12. In connection with the acts, conduct and other wrongs alleged in this Complaint, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including but not limited to, the United States mail, interstate telephone communications and the facilities of the national securities exchange.

## PARTIES

13. Plaintiff, as set forth in the accompanying Certification, purchased securities of Symantec at artificially inflated prices during the Class Period and was damaged upon the revelation of the alleged corrective disclosure.

14. Defendant Symantec, Inc. is incorporated in Delaware, and the Company's principal executive offices are located at 350 Ellis Street, Mountain View, California 94043. Symantec's securities trade on the NASDAQ under the ticker symbol "SYMC."

15. Defendant Gregory S. Clark ("Clark") has served as the Company's Chief Executive Officer ("CEO") and Director since August 1, 2016.

16. Defendant Nicholas R. Noviello ("Noviello") has served as the Company's Chief Financial Officer ("CFO") since December 1, 2016 and as its Principal Accounting Officer since August 1, 2016.

17. The Defendants referenced above in ¶¶ 15-16 are sometimes referred to- herein as the "Individual Defendants."

18. The Individual Defendants possessed the power and authority to control the contents of Symantec's SEC filings, press releases, and other market communications. The Individual Defendants were provided with copies of the Company's SEC filings and press releases alleged herein to be misleading prior to or shortly after their issuance and had the ability and opportunity to prevent their issuance or to cause them to be corrected. Because of their positions with the Company, and their access to material information available to them but not to the public, the Individual Defendants knew that the adverse facts specified herein had not been disclosed to and were being concealed from the public, and that the positive representations being made were then materially false and misleading. The Individual Defendants are liable for the false statements and omissions pleaded herein.

## SUBSTANTIVE ALLEGATIONS

### Background

19. Symantec Corporation provides security, storage, and systems management solutions to help businesses and consumers secure and manage their information. The Company offers software and services that protect, manage, and control information risks related to security, data protection, storage, compliance, and management.

### Materially False and Misleading Statements Issued During the Class Period

20. The Class Period begins on May 19, 2017, when Symantec filed an annual report on Form 10-K with the SEC, announcing the Company's financial and operating results for the quarter and

fiscal year ended March 31, 2017 (the "2017 10-K"). The 2017 10-K was signed by Defendants Clark and Noviello. The 2017 10-K contained signed certifications pursuant to the Sarbanes-Oxley Act of 2002 ("SOX") by Defendants Clark and Noviello attesting to the accuracy of financial reporting, the disclosure of any material changes to the Company's internal control over financial reporting and the disclosure of all fraud.

21. The 2017 10-K stated in relevant part:

> Our management has concluded that, as of March 31, 2017, our internal control over financial reporting was effective at the reasonable assurance level based on these criteria.
>
> The Company's independent registered public accounting firm has issued an attestation report regarding its assessment of the Company's internal control over financial reporting as of March 31, 2017, which is included in Part IV, Item 15 of this annual report.
>
> ***c) Changes in Internal Control over Financial Reporting***
>
> There were no changes in our internal control over financial reporting during the quarter ended March 31, 2017, that have materially affected, or are reasonably likely to materially affect, our internal control over financial reporting.

22. On August 4, 2017, Symantec filed a Quarterly Report on Form 10-Q with the SEC, announcing the Company's financial and operating results for the quarter ended June 30, 2017 ("Q1 2018 10-Q"). The Q1 2018 10-Q was signed by Defendants Clark and Noviello. The Q1 2018 10-Q contained signed certifications pursuant to SOX by Defendants Clark and Noviello attesting to the accuracy of financial reporting, the disclosure of any material changes to the Company's internal control over financial reporting and the disclosure of all fraud.

23. In the Q1 2018 10-Q, the Company stated in relevant part:

> ***(b) Changes in Internal Control over Financial Reporting***
>
> There were no changes in our internal control over financial reporting during the three months ended June 30, 2017, that have materially affected, or are reasonably likely to materially affect, our internal control over financial reporting.

24. On August 16, 2017, the Company filed a Schedule 14A with the SEC (the "2017 Proxy Statement"), which set forth the Company's Executive Compensation practices and philosophy. The 2017 Proxy Statement stated that the Company's Executive Compensation programs provide "direct alignment with stockholders" and that the Company uses "responsible pay policies to reinforce strong governance and enhance stockholder alignment." The 2017 Proxy Statement discussion of executive compensation states, in relevant part:

**OUR EXECUTIVE COMPENSATION PHILOSOPHY AND PRACTICES**

The overriding principle driving our compensation programs continues to be our belief that it benefits our employees, customers, partners and stockholders to have management's compensation tied to our near- and long-term performance. Our pay programs reward achievement of challenging performance goals that align with our business strategy. We measure shorter-term results, though the majority emphasis is placed on long-term equity compensation that provides direct alignment with stockholders. We use responsible pay policies to reinforce strong governance and enhance stockholder alignment.

25. On November 3, 2017, Symantec filed a Quarterly Report on Form 10-Q with the SEC, announcing the Company's financial and operating results for the quarter ended September 29, 2017 ("Q2 2018 10-Q"). The Q2 2018 10-Q was signed by Defendants Clark and Noviello. The Q2 2018 10-Q contained signed certifications pursuant to SOX by Defendants Clark and Noviello attesting to the accuracy of financial reporting, the disclosure of any material changes to the Company's internal control over financial reporting and the disclosure of all fraud.

26. In the Q2 2018 10-Q, the Company stated in relevant part:

*b) Changes in Internal Control over Financial Reporting*

There were no changes in our internal control over financial reporting during the three months ended September 29, 2017, that have materially affected, or are reasonably likely to materially affect, our internal control over financial reporting.

27. On February 2, 2018, Symantec filed a Quarterly Report on Form 10-Q with the SEC, announcing the Company's financial and operating results for the quarter ended December 29, 2017 ("Q3 2018 10-Q"). The Q3 2018 10-Q was signed by Defendants Clark and Noviello. The Q3 2018

7

10-Q contained signed certifications pursuant to SOX by Defendants Clark and Noviello attesting to the accuracy of financial reporting, the disclosure of any material changes to the Company's internal control over financial reporting and the disclosure of all fraud.

28. In the Q3 2018 10-Q, Symantec stated in relevant part:

***(b) Changes in Internal Control over Financial Reporting***

There were no changes in our internal control over financial reporting during the three months ended December 29, 2017, that have materially affected, or are reasonably likely to materially affect, our internal control over financial reporting.

29. The statements referenced in ¶¶ 20-28 above were materially false and/or misleading because they misrepresented and/or failed to disclose the following adverse facts pertaining to the Company's business, operational and financial results, which were known to Defendants or recklessly disregarded by them. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) Symantec's internal controls over financial reporting were materially weak and deficient; (ii) Symantec's later disclosed "reporting of certain Non-GAAP measures including those that could impact executive compensation programs" would lead to heightened regulatory scrutiny by the SEC; and (iii) as a result, Symantec's public statements were materially false and misleading at all relevant times.

**The Truth Begins to Emerge**

30. On May 10, 2018, after the market closed, Symantec filed a Current Report on Form 8-K with the SEC, disclosing that its Audit Committee had commenced an investigation "in connection with concerns raised by a former employee" and that the Company had contacted the Securities and Exchange Commission ("SEC") to advise the SEC of the investigation. The Company further disclosed that it was "unlikely that the investigation will be completed in time for the Company to file its annual report on Form 10-K for the fiscal year ended March 30, 2018 in a timely manner."

31. On that same day, Symantec held an earnings call with investors to discuss Q4 2018 results. During the call, the Company stated the following concerning the internal investigation:

> Lastly, as mentioned in the company's press release, the Audit Committee of the Board of Directors has commenced an internal investigation in connections with concerns raised by a former employee. The Audit Committee has retained independent counsel and other advisors to assist in its investigation. The company has voluntarily contacted the Securities and Exchange Commission to advise that an internal investigation is underway, and the Audit Committee intends to provide additional information to the SEC as the investigation proceeds.
>
> The investigation is in its early stages and the company cannot predict the duration or outcome of the investigation. The company's financial results and guidance may be subject to change based on the outcome of the Audit Committee investigation. It is unlikely that the investigation will be completed in time for the company to file its Annual Report on Form 10-K for the fiscal year ended March 30, 2018, in a timely manner. The investigation does not relate to any security concern or breach with respect to our products or systems. Now because this is an ongoing matter, we will be unable to comment further on this topic during today's call and there will be no question-and-answer session following our prepared remarks.

32. On this news, Symantec's share price fell $9.66, or 33.10%, to close at $19.52 on May 11, 2018.

**Additional Relevant News**

33. On May 14, 2018, after the market closed, Symantec issued a press release entitled "Symantec Provides Additional Information," providing an update regarding the ongoing internal investigation by the Audit Committee. The press release stated in relevant part:

> The Audit Committee of the Board of Directors has commenced an internal investigation in connection with concerns raised by a former employee regarding the Company's public disclosures including commentary on historical financial results, its reporting of certain Non-GAAP measures including those that could impact executive compensation programs, certain forward-looking statements, stock trading plans and retaliation. The Audit Committee has retained independent counsel and other advisors to assist it in its investigation. The Company has voluntarily contacted the Securities and Exchange Commission to advise it that an internal investigation is underway, and the Audit Committee intends to provide additional information to the SEC as the investigation proceeds. The investigation is in its early stages and the Company cannot predict the duration or outcome of the investigation. The Company's financial results and guidance may be subject to change based on the outcome of the Audit Committee investigation. It is unlikely that the investigation will be completed in time for the Company to file its annual report on Form 10-K for the fiscal year ended March 30, 2018 in a timely manner.

> At this time, the Company does not anticipate a material adverse impact on its historical financial statements.

34. On that same day, the Company held another conference call to address concerns expressed by shareholders regarding the scope of the internal investigation. During the call, Defendant Clark stated the following:

> For anyone concerned about executive compensation at this time, I want to let you know that all discretionary and performance-based compensation for named executive officers is on hold pending the outcome of the Audit Committee investigation. This is welcomed by management.

35. As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## PLAINTIFF'S CLASS ACTION ALLEGATIONS

36. Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a Class, consisting of all those who purchased or otherwise acquired Symantec securities traded on the NASDAQ during the Class Period (the "Class"); and were damaged upon the revelation of the alleged corrective disclosures. Excluded from the Class are Defendants herein, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

37. The members of the Class are so numerous that joinder of all members is impracticable. Throughout the Class Period, Symantec securities were actively traded on the NASDAQ. While the exact number of Class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery, Plaintiff believes that there are hundreds or thousands of members in the proposed Class. Record owners and other members of the Class may be identified from records

maintained by Symantec or its transfer agent and may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions.

38. Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by Defendants' wrongful conduct in violation of federal law that is complained of herein.

39. Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation. Plaintiff has no interests antagonistic to or in conflict with those of the Class.

40. Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

- whether the federal securities laws were violated by Defendants' acts as alleged herein;

- whether statements made by Defendants to the investing public during the Class Period misrepresented material facts about the financial condition, business, operations, and management of Symantec;

- whether Defendants caused Symantec to issue false and misleading financial statements during the Class Period;

- whether Defendants acted knowingly or recklessly in issuing false and misleading financial statements;

- whether the prices of Symantec securities during the Class Period were artificially inflated because of Defendants' conduct complained of herein; and

- whether the members of the Class have sustained damages and, if so, what is the proper measure of damages.

41. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of

individual litigation make it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

42. Plaintiff will rely, in part, upon the presumption of reliance established by the fraud-on-the-market doctrine in that:

- Defendants made public misrepresentations or failed to disclose material facts during the Class Period;

- the omissions and misrepresentations were material;

- Symantec securities are traded in efficient markets;

- the Company's shares were liquid and traded with moderate to heavy volume during the Class Period;

- the Company traded on the NASDAQ, and was covered by multiple analysts;

- the misrepresentations and omissions alleged would tend to induce a reasonable investor to misjudge the value of the Company's securities; and

- Plaintiff and members of the Class purchased and/or sold Symantec securities between the time the Defendants failed to disclose or misrepresented material facts and the time the true facts were disclosed, without knowledge of the omitted or misrepresented facts.

43. Based upon the foregoing, Plaintiff and the members of the Class are entitled to a presumption of reliance upon the integrity of the market.

44. Alternatively, Plaintiff and the members of the Class are entitled to the presumption of reliance established by the Supreme Court in *Affiliated Ute Citizens of the State of Utah v. United States*, 406 U.S. 128, 92 S. Ct. 2430 (1972), as Defendants omitted material information in their Class Period statements in violation of a duty to disclose such information, as detailed above.

## COUNT I

**Violation of Section 10(b) of The Exchange Act and Rule 10b-5**
**<u>Against All Defendants</u>**

45.     Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

46.     This Count is asserted against Symantec and the Individual Defendants and is based upon Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder by the SEC.

47.     During the Class Period, Symantec and the Individual Defendants, individually and in concert, directly or indirectly, disseminated or approved the false statements specified above, which they knew or deliberately disregarded were misleading in that they contained misrepresentations and failed to disclose material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

48.     Symantec and the Individual Defendants violated §10(b) of the 1934 Act and Rule 10b-5 in that they:

- employed devices, schemes and artifices to defraud;
- made untrue statements of material facts or omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or
- engaged in acts, practices and a course of business that operated as a fraud or deceit upon plaintiff and others similarly situated in connection with their purchases of Symantec securities during the Class Period.

49.     Symantec and the Individual Defendants acted with scienter in that they knew that the public documents and statements issued or disseminated in the name of Symantec were materially false and misleading; knew that such statements or documents would be issued or disseminated to the investing public; and knowingly and substantially participated, or acquiesced in the issuance or dissemination of such statements or documents as primary violations of the securities laws. These Defendants by virtue of their receipt of information reflecting the true facts of Symantec, their control over, and/or receipt and/or modification of Symantec allegedly materially misleading statements, and/or

their associations with the Company which made them privy to confidential proprietary information concerning Symantec, participated in the fraudulent scheme alleged herein.

50. Individual Defendants, who are the senior officers and/or directors of the Company, had actual knowledge of the material omissions and/or the falsity of the material statements set forth above, and intended to deceive Plaintiff and the other members of the Class, or, in the alternative, acted with reckless disregard for the truth when they failed to ascertain and disclose the true facts in the statements made by them or other Symantec personnel to members of the investing public, including Plaintiff and the Class.

51. As a result of the foregoing, the market price of Symantec securities was artificially inflated during the Class Period. In ignorance of the falsity of Symantec's and the Individual Defendants' statements, Plaintiff and the other members of the Class relied on the statements described above and/or the integrity of the market price of Symantec securities during the Class Period in purchasing Symantec securities at prices that were artificially inflated as a result of Symantec's and the Individual Defendants' false and misleading statements.

52. Had Plaintiff and the other members of the Class been aware that the market price of Symantec securities had been artificially and falsely inflated by Symantec's and the Individual Defendants' misleading statements and by the material adverse information which Symantec's and the Individual Defendants did not disclose, they would not have purchased Symantec's securities at the artificially inflated prices that they did, or at all.

53. As a result of the wrongful conduct alleged herein, Plaintiff and other members of the Class have suffered damages in an amount to be established at trial.

54. By reason of the foregoing, Symantec and the Individual Defendants have violated Section 10(b) of the 1934 Act and Rule 10b-5 promulgated thereunder and are liable to the plaintiff and

the other members of the Class for substantial damages which they suffered in connection with their purchase of Symantec securities during the Class Period.

## COUNT II

**Violation of Section 20(a) of The Exchange Act**
**<u>Against The Individual Defendants</u>**

55. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

56. During the Class Period, the Individual Defendants participated in the operation and management of Symantec, and conducted and participated, directly and indirectly, in the conduct of Symantec's business affairs. Because of their senior positions, they knew the adverse non-public information regarding the Company's inadequate internal safeguards in data security protocols.

57. As officers and/or directors of a publicly owned company, the Individual Defendants had a duty to disseminate accurate and truthful information with respect to Symantec's financial condition and results of operations, and to correct promptly any public statements issued by Symantec which had become materially false or misleading.

58. Because of their positions of control and authority as senior officers, the Individual Defendants were able to, and did, control the contents of the various reports, press releases and public filings which Symantec disseminated in the marketplace during the Class Period. Throughout the Class Period, the Individual Defendants exercised their power and authority to cause Symantec to engage in the wrongful acts complained of herein. The Individual Defendants therefore, were "controlling persons" of Symantec within the meaning of Section 20(a) of the Exchange Act. In this capacity, they participated in the unlawful conduct alleged which artificially inflated the market price of Symantec securities.

59. By reason of the above conduct, the Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act for the violations committed by Symantec.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

A. Determining that the instant action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, and certifying Plaintiff as the Class representative;

B. Requiring Defendants to pay damages sustained by Plaintiff and the Class by reason of the acts and transactions alleged herein;

C. Awarding Plaintiff and the other members of the Class prejudgment and post- judgment interest, as well as their reasonable attorneys' fees, expert fees and other costs; and

D. Awarding such other and further relief as this Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury.

Dated: May 25, 2018

Respectfully submitted,

**POMERANTZ LLP**

By: */s/ Jennifer Pafiti*
Jennifer Pafiti (SBN 282790)
468 North Camden Drive
Beverly Hills, CA 90210
Telephone: (818) 532-6499
E-mail: jpafiti@pomlaw.com

**POMERANTZ, LLP**
Jeremy A. Lieberman
J. Alexander Hood II
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
E-mail: jalieberman@pomlaw.com
E-mail: ahood@pomlaw.com

|   |   |
|---|---|
| 1 | |
| 2 | **POMERANTZ LLP** |
|   | Patrick V. Dahlstrom |
| 3 | Ten South La Salle Street, Suite 3505 |
|   | Chicago, Illinois 60603 |

POMERANTZ LLP
Patrick V. Dahlstrom
Ten South La Salle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile:  (312) 377-1184
E-mail: pdahlstrom@pomlaw.com

**BRONSTEIN, GEWIRTZ
& GROSSMAN, LLC**
Peretz Bronstein
60 East 42nd Street, Suite 4600
New York, NY 10165
(212) 697-6484
peretz@bgandg.com

*Attorneys for Plaintiff*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

{00221758;3 }